**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                      No. CR 17-1369 JB

PAUL FICHERA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Investigation Report and Sentencing Memorandum, filed October 3, 2018 (Doc. 32)("Objections"). The Court held a sentencing hearing on October 25, 2018. The primary issues are: (i) whether Defendant Paul Fichera's charges for both armed bank robbery, under 18 U.S.C. §§ 2113(a) and (d), and brandishing a firearm during and in furtherance of a crime of violence, under 18 U.S.C. § 924(c), are warranted, because, as Fichera avers, the enhancements available for his armed bank robbery conviction would sufficiently address the conduct of brandishing a firearm and charges for both crimes will result in sentencing disparities; (ii) whether the 2-level enhancement under U.S.S.G. § 2B3.1(b)(4)(B) for physical restraint of another "to facilitate commission of the offense or to facilitate escape" applies where Fichera pointed a silver pistol "at bank customers and employees and yelled 'Everybody get on the ground,'" Presentence Investigation Report ¶ 7, at 4, filed September 7, 2018 (Doc. 29)("PSR"); (iii) whether the 2-level enhancement under U.S.S.G. § 3C1.2 for "Reckless Endangerment During Flight" applies where Fichera led police on a high-speed car chase that resulted in a conviction in Colorado state court; and (iv) whether the 2-point addition to Fichera's criminal history level under U.S.S.G. § 4A1.1(d)

applies for committing the instant offense "while under any criminal justice sentence" where Fichera committed the armed bank robbery while under unsupervised probation. The Court concludes that Fichera's Objections have no sound basis in the applicable law or relevant facts, and overrules them.

## ANALYSIS

Fichera provides no legal arguments in his written Objections in support of his Objections. He appears to concede that he can be convicted for both armed bank robbery and brandishing a firearm. He also appears to concede that all the enhancements to which he objects are appropriately applied to him. Therefore, concluding that Fichera's Objections are lodged more to urge the Court to depart from a United States Sentencing Guidelines ("Guidelines") sentence rather than to argue that the enhancements are unlawful, the Court will overrule the Objections.

**I. FICHERA MAY LEGALLY BE CONVICTED OF THE DISTINCT CRIMES OF ARMED BANK ROBBERY AND BRANDISHING A FIREARM.**

Fichera avers that his charges for both armed bank robbery, under 18 U.S.C. §§ 2113(a) and (d), and brandishing a firearm, under 18 U.S.C. § 924(c), are inappropriate, because "the United States Sentencing Guidelines have several provisions to punish committing a robbery while armed." Objections ¶ 1, at 1. Fichera argues that, because the United States chose to charge him under § 924(c) -- with its seven-year mandatory minimum sentence -- instead of merely applying the 5-level enhancement for the armed bank robbery under U.S.S.G. § 2B3.1 for brandishing a firearm, his "low-end guideline recommendation is nearly four years higher." Objections ¶ 2, at 2. The decision to "seek indictment" on both charges, however, Fichera concedes, "is a matter of prosecutorial discretion." Objections ¶ 1, at 1.

The United States notes that Fichera has "pled guilty to both crimes with which he is charged" and that the armed bank robbery is distinct, as a matter of law, from the § 924(c) charge. United States' Response to Defendant's Objections to Presentence Investigation Report and Sentencing Memorandum [Doc. 32] at 6, filed October 10, 2018 (Doc. 33)("Response"). The United States cites to two United States Court of Appeals for the Tenth Circuit cases allowing charges for both armed bank robbery and brandishing a weapon to stand. See Response at 6 (citing United States v. Lanzi, 933 F.2d 824 (10th Cir. 1991); United States v. Pearson, 203 F.3d 1243 (10th Cir. 2000). In United States v. Lanzi, the defendant was convicted "of one count of armed robbery of a credit union and one count of using a firearm during the robbery, in violation of 18 U.S.C. §§ 2113(a) & (d) and 924(c)(1)." United States v. Lanzi, 933 F.2d at 824-25. The Tenth Circuit addressed the Double Jeopardy Clause[1] issue, concluding that there is no Double Jeopardy violation where the defendant is punished "twice under separate statutes for the same conduct," United States v. Lanzi, 933 F.2d at 825, because "[t]he plain language of [§ 924(c)(1)] clearly evinces congressional intent that any defendant using a dangerous weapon in connection with a violent crime must be sentenced to five years imprisonment, such sentence to run consecutive to that imposed for the violent crime," United States v. Lanzi, 933 F.2d at 826. The Tenth Circuit also noted the 1984 amendment to § 924(c)(1), in which Congress "clarified that it authorized an additional sentence over and above that imposed for the underlying felony, even if the underlying felony contained an enhancement provision," and that Congress "refer[red] expressly to the bank robbery statute, 18 U.S.C. § 2113, as one of the federal crimes of violence to which § 924 applies."

---

[1]The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides, "No person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

United States v. Lanzi, 933 F.2d at 826 (citing S. Rep. No. 22d, 98th Cong., 2d Sess. 313, reprinted in 1984 U.S. Code Cong. & Admin News 3182, 3490-91).  Therefore, Fichera is appropriately charged for both crimes and the Court overrules his Objection to the "prosecutorial discretion" in charging him for both armed bank robbery and brandishing a weapon.

II. **THE COURT OVERRULES FICHERA'S OBJECTIONS TO THE ENHANCEMENTS UNDER U.S.S.G. §§ 2B3.1(B)(4)(B), 3C1.2, AND 4A1.1(D), BECAUSE THEY PROPERLY APPLY TO FICHERA'S CONDUCT IN COMMITTING THE ARMED BANK ROBBERY.**

Fichera argues that it is unfair to apply the enhancements under U.S.S.G. §§ 2B3.1(b)(4)(B) and 3C1.2, because, in his mind, the enhancements apply to conduct he has adequately been punished for by his brandishing a weapon and vehicular eluding convictions.  The Court disagrees with Fichera's equitable opposition to the enhancements under U.S.S.G. §§ 2B3.1(b)(4)(B) and 3C1.2, because these enhancements apply to conduct not contemplated by the brandishing a weapon and vehicular eluding convictions, and overrules these Objections.  Fichera also argues that the 2-point addition to his criminal history under U.S.S.G. § 4A1.1(D) is unfair, because he is receiving more criminal history points than he would have had he been sentenced to jail time for the conviction the enhancement applies to -- case number 2016M752.  The Court concludes the 2-point addition to Fichera's criminal history score under U.S.S.G. § 4A1.1(D) is appropriate, because the Court has an interest in discouraging defendants from committing additional crimes while serving probation, and overrules this Objection as well.

A. **FICHERA PHYSICALLY RESTRAINED BANK CUSTOMERS AND EMPLOYEES, BECAUSE HE BRANDISHED HIS GUN AT THEM AND PREVENTED THEIR MOVEMENT.**

A 2-level enhancement under U.S.S.G. § 2B3.1(b)(4)(B) applies where "any person was physically restrained to facilitate commission of the offense or to facilitate escape."  "Physically

restrained" is defined in the Commentary to § 1B1.1 as "the forcible restraint of the victim such as by being tied, bound, or locked up." U.S.S.G. § 1B1.1 cmt. n.1(K). See U.S.S.G. § 2B3.1 cmt. n.1 (stating that "physically restrained" is "defined in the Commentary to § 1B1.1"). This enhancement is distinct from the underlying offense of the armed bank robbery -- and from the offense of brandishing a gun -- because it does not relate to the dangerousness of using a gun to commit the robbery but rather Fichera's pointing his gun at people and ordering them to get down to the ground. See PSR ¶ 7, at 4. This ordering people to the floor amounted to the physical restraint Fichera caused "to facilitate commission of the offense or to facilitate escape," as Fichera then was able to focus his attention on the bank teller to obtain about $13,000.00 and walk out of the bank. See PSR ¶ 7, at 4.

Fichera argues that his physical restraint of victims in this case "adds hardly anything to the dangerousness inherent in brandishing a weapon during the course of a bank robbery." Objections ¶ 7, at 5. He thus concedes that his ordering people to the floor is an act beyond brandishing his gun, but asserts that the physical restraint "is already adequately considered and severely punished through the seven-year mandatory minimum consecutive term of 18 U.S.C. § 924(c)." Objections ¶ 7, at 5. As the Court has previously discussed, "[p]hysical restraint is not an intrinsic element of armed robbery and, therefore, . . . does not constitute double counting in armed robbery cases." United States v. Pagan, No. CR 15-4078, 1016 WL 9021737, at *11 (D.N.M. Dec. 16, 2016)(Browning, J.).[2] Because the Tenth Circuit has held that an instruction not to move, while holding a gun, is an act of physical restraint, and that "physical restraint with a gun

---

[2]In United States v. Pagan, the defendant was not charged for armed robbery, but for discharging a firearm during and in relation to a crime of violence, under 18 U.S.C. § 924(c)(1)(A)(iii).

is conduct distinct from the actual discharge, 'otherwise use,' or brandishing, display or possession of a gun," United States v. Pearson, 211 F.3d 524, 427 (10th Cir. 2000), the Court concludes that § 924(c) does not contemplate an act of physical restraint and therefore overrules Fichera's Objection to an enhancement for his act of physical restraint.

    **B.    FICHERA RECKLESSLY ENDANGERED THE LIVES OF OTHERS DURING HIS FLIGHT FROM THE ROBBERY, BECAUSE HE ENGAGED IN A HIGH-SPEED POLICE CHASE AS HE FLED THE CRIME SCENE.**

A 2-level enhancement applies under U.S.S.G. § 3C1.2 "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Acting "recklessly" means that "the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4 cmt. n.1. See U.S.S.G. § 3C1.2 cmt. n.2 (stating that "reckless" is "defined in the Commentary to § 2A1.4"). Further, "during flight," the Guidelines Commentary notes, "is to be construed broadly and includes preparation for flight. This adjustment, therefore, is also applicable where the conduct occurs in the course of resisting arrest." U.S.S.G. § 3C1.2 cmt. n.3.

Here, when authorities attempted to intercept Fichera and stop him as he drove off from the bank, Fichera "fled authorities at a high rate of speed . . . at times reaching speeds in excess of 100 mph." PSR ¶ 9, at 5. The dash camera footage shows Fichera driving down a two-lane road, which was at times lined with houses and businesses. Further, the road was full of other vehicles, and often during the chase these vehicles had to pull over for the authorities to pass or, because there was not room for these vehicles to pull over, the authorities had to pass them on the left side

of the road. Fichera finally stopped, "prior to running over tire deflation spikes in Hesperus, Colorado." PSR ¶ 9, at 5. This conduct calls for an enhancement under U.S.S.G. § 3C1.2, as the Court has recognized that the "Tenth Circuit's precedent indicates that the most common cases where courts apply this guideline involve high-speed car chases." United States v. Bush, No. CR 10-3378, 2012 WL 394572, at *8 (D.N.M. Jan. 23, 2012)(Browning, J.). "A brief high-speed chase qualifies for the reckless endangerment enhancement." United States v. Gray, 512 F. App'x 803, 806 (10th Cir. 2013)(unpublished)(listing other Tenth Circuit cases).[3] Fichera's conduct, taken as a whole, evinces a gross deviation from the reasonable-person standard of care and a known risk of danger to others.

Fichera argues that the enhancement should not apply, because he "was convicted of vehicular eluding and sentenced to 18 months in jail by Colorado . . . based on the same conduct that is now subject to the sentencing enhancement." Objections ¶ 8, at 5. As the United States notes, the Colorado statute for vehicular eluding provides, in the relevant part, that

> [a]ny person who, while operating a motor vehicle, knowingly eludes or attempts to elude a peace officer also operating a motor vehicle, and who knows or reasonably should know that he or she is being pursued by said police officer, and who operates his or her vehicle in a reckless manner, commits vehicular eluding.

---

[3]United States v. Gray is an unpublished opinion, but the Court can rely on an unpublished opinion from the United States Court of Appeals for the Tenth Circuit to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United States v. Gray has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Colo. Rev. Stat. Ann. § 18-9-116.5. "Impermissible double counting or impermissible cumulative sentencing occurs when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." United States v. Flinn, 18 F.3d 826, 829 (10th Cir. 1994). All three must be present for there to be double counting. See United States v. Rucker, 178 F.3d 1369, 1371 (10th Cir. 1999).

Here, there is no impermissible double counting, because the Colorado statute and the enhancement under § 3C1.2 do not necessarily overlap, are distinct from each other, and serve different purposes. First, § 3C1.2 necessarily applies only to a person fleeing law enforcement who has committed and been convicted of a federal crime. Section 18-9-116.5 has no such requirement; it provides for a state crime. Second, § 3C1.2 requires "a substantial risk of death or serious bodily injury to another person," but § 18-9-116.5 does not; it requires only operating a vehicle in a reckless manner, although it provides that, should injury to another result, it will be a class 4 rather than a class 5 felony. Third, § 18-9-116.5 requires that the person fleeing law enforcement be operating a vehicle recklessly, whereas § 3C1.2 has no requirement that the person fleeing be fleeing in a vehicle. The enhancement and the Colorado statute, therefore, contemplate separate conduct. The enhancement applies to Fichera, because his flight from law enforcement "created a substantial risk of death or serious bodily injury to another person," U.S.S.G. § 3C1.2; his conviction under § 18-9-116.5 does not consider that conduct, but focuses only on his reckless driving. The Court therefore overrules Fichera's Objection to the enhancement under U.S.S.G. § 3C1.2 for recklessly endangering the lives of others during his flight.

### C. FICHERA COMMITTED THE BANK ROBBERY WHILE HE WAS UNDER A CRIMINAL JUSTICE SENTENCE, BECAUSE HE WAS SERVING UNSUPERVISED PROBATION FOR CASE 2016M752.

A 2-point enhancement applies under U.S.S.G. § 4A1.1 "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." The Guidelines Commentary defines "criminal justice sentence" as any "sentence countable under § 4A1.2 (Definitions and Instructions for Computing Criminal History) having a custodial or supervisory component, although active supervision is not required for this subsection to apply." U.S.S.G. § 4A1.1 cmt. n.4. When Fichera committed the armed bank robbery, he was serving a sentence of twelve months unsupervised probation and had fines for 2016M752. See Addendum to the Presentence Report at 2, filed October 19, 2018 (Doc. 35). Fichera argues that the 2-point addition to his criminal history level is unfair, "because he got among the most lenient sentences possible" for the misdemeanor conviction in 2016M752. Objections ¶ 3, at 8. The 2-point enhancement for robbing the bank while on probation, along with the 1-point addition for the underlying offense that resulted in the probation, serves a distinct purpose here. Fichera is correct in that he received a lenient sentence in 2016M752; however, as the United States notes, had he been sentenced to a year imprisonment instead, "he would have been in jail on May 11, 2017 instead of robbing a bank." Response at 10. The 2-point enhancement is appropriately applied here to account for Fichera's taking advantage of the lenient sentence and committing a crime while on probation. Fichera has not challenged his conviction for this previous offense, instead arguing that the imposition of the 2-point enhancement "leads to skewed results" because had he been sentenced to imprisonment, instead, he "would have received only 2 criminal history points" instead of three. Objections ¶ 9, at 5-6.

This argument does not have merit, for the Guidelines specifically mandate the 2-point enhancement should the defendant commit another crime while serving probation. The Court therefore overrules this Objection.

**IT IS ORDERED** that the Objections to the Guidelines sentence calculations in the Defendant's Objections to the Presentence Investigation Report and Sentencing Memorandum, filed October 3, 2018 (Doc. 32), are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

John C. Anderson
  United States Attorney
Howard R. Thomas
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Alejandro Benito Fernandez
Federal Public Defender's Office
Albuquerque, New Mexico

    *Attorney for the Defendant*