IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                                  No. CR 17-1369 JB

PAUL FICHERA,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: the Defendant Paul Fichera's Opposed Motion for Sentence Reduction Under Guideline Amendment 821, filed March 17, 2024 (Doc. 53)("Motion"). The Court held a hearing on August 15, 2024. See Clerk's Minutes, filed August 15, 2024 (Doc. 63)("Motion Hearing Minutes"). The primary issue is whether the Court should reduce Defendant Paul Fichera's sentence under 18 U.S.C. § 3582(c)(2), because the United States Sentencing Commission ("Sentencing Commission") has lowered Fichera's sentencing range by enacting the newly effective and retroactively applicable criminal history "status point" calculation amendment to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). The Court grants the Motion, because: (i) Fichera qualifies for the status point reduction; (ii) the reduction Fichera requests is consistent with the U.S.S.G. § 1B1.10 policy statement; and (iii) a reduction in Fichera's sentence is appropriate in light of the 18 U.S.C. § 3553(a) sentencing factors.

## FACTUAL BACKGROUND

On May 11, 2017, Fichera entered the Four Corners Community Bank in Aztec, New Mexico, and committed an armed robbery. See United States Probation Office's Presentence Investigation Report ¶¶ 7, 12, at 4-5, filed September 7, 2018 (Doc. 29)("PSR"). During the robbery, he brandished a firearm and waved it at bank employees and customers. He left the bank

with $12,431.00, and fled from authorities going north into Colorado, reaching speeds over 100 miles per hour.  PSR ¶ 12, at 5.  Authorities apprehended Fichera in a high-risk traffic stop in Hesperus, Colorado.  See PSR ¶¶ 9-12, at 5.  On October 25, 2018, Fichera was convicted in the United States District Court for the District of New Mexico of: (i) Count 1: Armed Bank Robbery under 18 U.S.C. § 2331(a) and § 2113(d); and (ii) Count 2: Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, and Possessing and Brandishing a Firearm in Furtherance of Such Crime under 18 U.S.C. § 924(c).  See Judgment in a Criminal Case at 1-2, filed February 19, 2019 (Doc. 50)("Judgment").

The PSR provides a Guidelines imprisonment range of 154 to 171 months based on: (i) a total offense level of 23 and a criminal history category of IV resulting in a range of 70 to 87 months; and (ii) Count 2's 7-year minimum term of imprisonment.  See PSR ¶ 77, at 18.  The PSR also provides a Guidelines supervised release range of two to five years.  See PSR ¶ 81, at 19.

The Court sentenced Fichera to 154 months at the bottom of the Guideline range.  See Judgment at 3 (including a term of 70 months as to Count 1 and a mandatory term of 7 years as to Count 2, to run consecutively).  The Court also imposed a term of 3 years of supervised release.  See Judgment at 4.

On March 17, 2024, Fichera filed the Motion, in which he requests the Court reduce his sentence in light of Amendment 821.  See Motion at 1; Supplement to Appendix C 234-44, United States Sentencing Commission (2023)("Supp. To App. C").  Fichera argues that Amendment 821 eliminates the criminal history score status points under U.S.S.G. § 4A1.1 for defendants, like him, "with six or fewer criminal history points."  Motion at 1.  As a result of Amendment 821, which Fichera avers applies retroactively, Fichera calculates his new Guidelines imprisonment range at 141 to 155 months and asks the Court to reduce his sentence to 141 months of imprisonment.  See

Motion at 2.  Fichera also states that a reduction is consistent with the Sentencing Reform Act, the Guidelines policy statements, and the 18 U.S.C. § 3553(a) sentencing factors.  See Motion at 2.

The United States opposes Fichera's Motion.  See United States of America's Response to Defendant's Motion for Sentence Reduction Under Guideline Amendment [sic] 821 (Doc. 53) [sic], filed May 16, 2024 (Doc. 55)("Response").  The United States concedes that Fichera is eligible for a sentence reduction under Amendment 821.  See Response at 1.  Nonetheless, the United States argues that the nature and circumstances of his offense along with his criminal history and characteristics, do not support a sentence reduction.  See Response at 4.  The United States also notes that Fichera's Motion does not address § 1B1.10, which directs courts to consider the 18 U.S.C. § 3553(a) sentencing factors in determining whether a reduction in the defendant's term of imprisonment is warranted; nor does Fichera's Motion address the actual 18 U.S.C. § 3553(a) sentencing factors.  See Response at 4.  The United States contends that the facts that Fichera robs a bank at gunpoint, engages in a "wildly dangerous" high speed chase, faces disciplinary sanctions while incarcerated, and has "minimal" participation and completion of programs while incarcerated, all lead to the conclusion that the 18 U.S.C. § 3553(a) sentencing factors do not support Fichera's sentence reduction.  Response at 6-7.

The Court held a hearing on August 15, 2024.  See Motion Hearing Minutes at 1.  At the hearing, the Court advised the parties that it will grant the motion.  See Motion Hearing Minutes at 2.  The Court explained that it will grant the motion to effectuate the Court's intent at the time of sentencing, which was to impose a sentence at the low-end of the Guidelines range.  See Motion Hearing Minutes at 2.  The Court stated that it will reduce the sentence as to Count 1 to 57 months, for a new total sentence of 141 months.  See Motion Hearing Minutes at 2.  The Court ordered the

parties to prepare and submit a proposed order granting the Motion.  See Motion Hearing Minutes at 2.  This Memorandum Opinion and Order disposes of the proposed order.

## ANALYSIS

The Court grants the Motion.  In applying the three-step analysis that United States v. C.D., 848 F.3d, 1286, 1289 (10th Cir. 2017), mandates, the Court first concludes that Fichera was sentenced based on a Guideline range that the Sentencing Commission subsequently lowered, because Fichera's Guideline imprisonment range was 154-171 when he was sentenced and the retroactive application of Amendment 821 results in a new Guideline range of 141-155 months.  Second, the Court concludes that a reduction in McDonald's sentence is consistent with the U.S.S.G. § 1B1.10 policy statement.  Third, the Court concludes that McDonald is entitled to relief in light of the § 3553(a) sentencing factors.

**I.  FICHERA WAS SENTENCED BASED ON A GUIDELINE RANGE THAT THE SENTENCING COMMISSION SUBSEQUENTLY LOWERED.**

The Court concludes, as the parties and the USPO all agree, that Fichera has satisfied the § 3582(c)(2) analysis' first prong, because Amendment 821's retroactive application results in a lower Guideline imprisonment range than Fichera had at the time of his sentencing.  See United States v. C.D., 848 F.3d at 1289.  Amendment 821 applies retroactively.  See U.S.S.G. § 1B1.10(a)(1), (d); United States v. Claybron, 88 F.4th 1226, 1228 (7th Cir. 2023).  Amendment 821's Part A alters U.S.S.G. § 4A1.1, changing the way criminal history status points are calculated for the purposes of establishing the defendant's criminal history category.  Section 4A1.1(e) adds "status" points to a defendant's criminal history score if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release[ ] or escape status."  U.S.S.G. § 4A1.1(e).  Under Amendment 821's

Part A, defendants with 7 or more criminal history status points now receive 1 status point rather than 2 additional status points, and defendants with less than 7 criminal history status points receive no additional status points if they committed their offense while under a criminal justice sentence. See Supp. to App. C at 235; United States v. Fabian-Hurtado, No. CR 21-644, 2024 WL 706934, at *2 (D.N.M. February 21, 2024)(Johnson, C.J.).

The PSR calculates Fichera's criminal history score at 8 by adding 2 points to Fichera's subtotal criminal history score of 6 pursuant to § 4A1.1(d), because Fichera committed his offense "while under a criminal justice sentence." PSR ¶¶ 37-39, at 10-11. Pursuant to Amendment 821, no status points are added pursuant to § 4A1.1(e) if the defendant's subtotal criminal history score is less than 7. See Supp. to App. C at 235; U.S.S.G. § 4A1.1(e). Accordingly, if Amendment 821 had been in place when Fichera was sentenced, Fichera's criminal history score would have been 6. See U.S.S.G. § 4A1.1(e). Pursuant to the U.S.S.G. Ch. 5, Pt. A Sentencing Table, therefore, Fichera's criminal history category would have been a III rather than a IV. See United States v. McDonald, No. CR 22-1317 JB, 2024 WL 2110525 at *9 (D.N.M. May 10, 2024)(Browning, J.)(concluding that, if Amendment 821 had been in place when the defendant was sentenced, his criminal history score would have been 6, and therefore his new criminal history category is a III rather than a IV). Fichera's offense level of 23 combined with the new criminal history category of III results in a properly calculated Guideline imprisonment range of 141 to 155 months -- a reduction from the range of 154 to 171 months at sentencing before Amendment 821. Accordingly, Fichera has shown that "he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing." United States v. C.D., 848 F.3d at 1289. See United States v. McDonald, 2024 WL 2110525, at *9 (concluding that the defendant was sentenced based on a Guideline range that the Sentencing Commission subsequently lowered).

## II.   A REDUCTION IN FICHERA'S SENTENCE IS CONSISTENT WITH SENTENCING COMMISSION POLICY STATEMENTS.

A reduction in Fichera's sentence from 154 months to 141 months, see Motion at 2, is consistent with U.S.S.G. § 1B1.10, which the United States Court of Appeals for the Tenth Circuit advises is the pertinent policy statement covering reductions in terms of imprisonment as a result of an amended Guideline range, see United States v. C.D., 848 F.3d at 1289; U.S.S.G. § 1B1.10(a)(1) ("As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.").  As an initial matter, § 1B1.10(d) lists Amendment 821 as a retroactive amendment, as § 1B1.10(a)(2)(A) requires, and, as explained in Section I, supra, at 21, Amendment 821 has "the effect of lowering the defendant's applicable guideline range," as § 1B1.10(a)(2)(B) requires.  Furthermore, Fichera's requested 141-month sentence does not reduce Fichera's term of imprisonment "to a term that is less than the minimum of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), nor will "the reduced term of imprisonment be less than the term of imprisonment the defendant has already served," U.S.S.G. § 1B1.10(b)(2)(c).  Pursuant to the Sentencing Commission's specific guidance regarding Amendment 821, "the effective date of the court's order is February 1, 2024, or later."  U.S.S.G. § 1B1.10(e)(2).

As § 1B1.10 delineates, a court also may review a defendant's entitlement to relief based on his post-sentencing conduct and must consider "the nature and seriousness of any threat to public safety in determining whether a reduction is warranted." United States v. Osborn, 679 F.3d 1193, 1195 (10th Cir. 2012).  See U.S.S.G. § 1B1.10 cmt. n.1(B)(ii).  While incarcerated, Fichera has maintained decent behavior.  See Retroactive Guideline Amendment - Eligible Memorandum, filed January 15, 2024 (Doc. 51)("Amendment 821 Memorandum").  His two disciplinary

fractions are minor: "Refusing Work/Program Assignment" in 2020, and "Phone Abuse-Disrupt Monitoring" in 2021.  See Amendment 821 Memorandum at 2.  While Fichera's offense is serious and violent, the Court concludes that a reduction in Fichera's sentence from 154 months to 141 months imprisonment will not pose a serious danger to the community.  See U.S.S.G. § 1B1.10 cmt. n.1(B)(ii).  Cf. United States v. Osborn, 679 F.3d at 1196 (concluding that the seriousness of the offense, "given the involvement of firearms on multiple occasions" and the presence of disciplinary reports on the defendant's record are proper bases for denying a motion under § 3582(c)(2)).  He will be released some day; now that release will be slightly earlier.

### III. FICHERA IS ENTITLED TO RELIEF IN LIGHT OF THE § 3553(A) SENTENCING FACTORS.

Having considered the § 3553(a) factors, the Court concludes that a reduction in Fichera's sentence is appropriate.  "A defendant's eligibility for sentencing reduction does not give him an absolute right to reduction."  United States v. Collazo, 2020 WL 601943, at *3.  Rather, courts must ensure that a reduced sentence remains consistent with the § 3553(a) factors, which call upon district courts to evaluate, as pertinent here, "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the "need for the sentence . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate deterrence."  18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B).  While the Tenth Circuit does not require district courts to explain their consideration of the § 3553(a) factors, the Court will outline briefly its reasoning.  See United States v. Chavez-Meza, 854 F.3d 655, 661 (10th Cir. 2017)("Even though district courts need not explain their decisions in sentence-reduction orders, that does not mean that they should not do so."), aff'd, 585 U.S. 109 (2018).

The United States argues that the Court should exercise its discretion at this third prong of the § 3582(c)(2) analysis to deny Fichera's Motion, because "the nature and circumstances of his offense along with his criminal history and characteristics do not support a reduction in his sentence." Response at 4.  Specifically, the United States points to the fact that Fichera's offense of robbing a bank at gunpoint and the ensuing high-speed car chase into Colorado is "wildly dangerous."  Response at 6-7.  Although the Court agrees that the offense is serious, United States v. Osborn, 679 F.3d at 1196 ("[T]he nature and circumstances of the underlying offense are eminently proper considerations in a motion under § 3582(c)(2)."), the Court carefully considered the § 3553(a) factors when it sentenced Fichera and concluded that a sentence within the guideline range was appropriate, see Transcript of Sentencing Hearing at 50:5-12, taken October 25, 2018 (Court).[1]  The Court sees no sound reason to depart from its prior analysis and concludes today, as it did at sentencing, that a Guideline sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence to criminal conduct without being greater than necessary.  See United States v. Ellis, No. CR 03-1890, 2008 WL 4811168, at *11 (D.N.M. June 3, 2008)(Browning, J.)("The Court's previous decision to sentence Ellis at the bottom end of the Guidelines range would be reasonable with respect to the recalculated sentence.").  In sum, the Court concludes that Fichera has demonstrated that he is entitled to a reduction in his sentence pursuant to § 3582(c)(2).

**IT IS ORDERED** that: (i) the Defendant's Opposed Motion for Sentence Reduction Under Guideline Amendment 821, filed March 17, 2024 (Doc. 53), is granted; (ii) the applicable offense

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

level is 23; (iii) the applicable criminal history category is III; (iv) the Defendant's new Guidelines range is 141 to 155 months; and (v) the Defendant is resentenced to 141 months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alexander M.M. Uballez
  United States Attorney
Kimberly N. Bell
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Theodosia Johnson
  Assistant Federal Public Defender
Albuquerque, New Mexico

     *Attorney for the Defendant*